UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Carol Bunker, as Trustee for the next-of-kin of Stephanie Rose Bunker,

                              Plaintiff,

vs.

Barb Fitzgerald, acting in her individual capacity as a Beltrami County correctional officer; Jared Davis, acting in his individual capacity as a Beltrami County correctional officer; Katherine Dreher, acting in her individual capacity as a Beltrami County correctional officer; Crystal Pedersen, acting in her individual capacity as medical staff in the Beltrami County Jail; Geoffrey Keilwitz, acting in his individual capacity as medical staff in the Beltrami County Jail; Todd Leonard, MD, acting in his individual and official capacity as the Medical Director and Jail Physician at the Beltrami County Jail and sole owner of MEnD Correctional Care, PLLC; MEnD Correctional Care, PLLC; Phil Hodapp, in his official capacity as Beltrami County Sheriff; and Beltrami County,

Court File No.: 20-cv-1456-SRN-LIB

**THE MEND DEFENDANTS' JOINT AND SEPARATE ANSWER TO THE COMPLAINT**

---

For their Joint and Separate Answer to the Complaint, Dr. Todd Leonard, Crystal Pederson, Geoffrey Keilwitz, and MEnD Correctional Care, PLLC (collectively "the MEnD Defendants") state and allege as follows:

1.     Admit this is an action for money damages; deny all other allegations in Paragraph 1.

2.     Deny the allegations in Paragraph 2.

3.     Admit Plaintiff asserts claims under 42 U.S.C. § 1983 and the Eight and Fourteen Amendments of the United States Constitution; all other allegations are legal conclusions to which no response is required.

4.     Admit the allegations in Paragraph 4.

5.     Admit this Court has jurisdiction.

6.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6.

7.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7.

8.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8.

9.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9.

10.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10.

11.    Admit Crystal Pedersen was, for a period of time, employed by MEnD and provided care to inmate-patients at the Beltrami County Jail. Plaintiff fails to define "at all times material" and therefore the MEnD Defendants are with sufficient information or knowledge to form a belief as to the truth of the first sentence of Paragraph 11. Specifically deny the allegation of "acting under color of state law" which Plaintiff bears the burden to prove.

12. Admit Crystal Pedersen was employed by MEnD as a nurse in June and July of 2017.

13. Paragraph 13 calls for a legal conclusion and therefore no response is required.

14. Admit Geoffrey Keilwitz was, for a period of time, employed by MEnD and provided care to inmate-patients at the Beltrami County Jail. Plaintiff fails to define "at all times material" and therefore the MEnD Defendants are with sufficient information or knowledge to form a belief as to the truth of the first sentence of Paragraph 14. Specifically deny the allegation of "acting under color of state law" which Plaintiff bears the burden to prove.

15. Paragraph 15 calls for a legal conclusion and therefore no response is required.

16. In response to Paragraph 16, admit that at the time of Decedent's incarceration and treatment Geoffrey Keilwitz had an unconditional license from the Minnesota Board of Nursing. Paragraph 16 also appears to refer to documents, which speak for themselves. The allegations in Paragraph 16 are denied to the extent they are inconsistent with those documents.

17. In response to Paragraph 17, admit that at the time of Decedent's incarceration and treatment Geoffrey Keilwitz had an unconditional license from the Minnesota Board of Nursing. Paragraph 17 also appears to refer to documents, which speak for themselves. The allegations in Paragraph 17 are denied to the extent they are inconsistent with those documents.

18. In response to Paragraph 18, admit that at the time of Decedent's incarceration and treatment Geoffrey Keilwitz had an unconditional license from the Minnesota Board of

Nursing. Paragraph 18 also appears to refer to documents, which speak for themselves. The allegations in Paragraph 18 are denied to the extent they are inconsistent with those documents.

19.     Admit the first sentence of Paragraph 19. Plaintiff fails to define "at all times material" and therefore the MEnD Defendants are with sufficient information or knowledge to form a belief as to the truth of the second sentence of Paragraph 19. Specifically deny the allegation of "acting under color of state law" which Plaintiff bears the burden to prove.

20.     Plaintiff fails to define "at all times material" and therefore the MEnD Defendants are with sufficient information or knowledge to form a belief as to the truth of the first sentence of Paragraph 20. Deny the second sentence of Paragraph 20.

21.     Admit Dr. Leonard is a citizen of the United States and resident of Minnesota; Plaintiff fails to define "at all times material" and therefore the MEnD Defendants are with sufficient information or knowledge to form a belief as to the truth of the remainder of the first sentence of Paragraph 21. Specifically deny the allegation of "acting under color of state law" which Plaintiff bears the burden to prove. Admit Dr. Leonard was involved in making certain policies related to MEnD employees. Deny all other allegations, including that Leonard had any involvement in creating policies governing jail employees.

22.     The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 22.

23.     The MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23 except admit that public record shows the Beltrami County jail is located in Bemidji, Minnesota and has a 140-inmate capacity.

24. Although Plaintiff fails to define "at all times material," admit that Dr. Leonard has been the President and Chief Medical Officer of MEnD since its formation.

25. As phrased, deny the allegations in Paragraph 25.

26. As phrased, deny the allegations in Paragraph 26.

27. Generally admit the allegations in Paragraph 27.

28. As phrased, deny the allegations in Paragraph 28.

29. Paragraph 29 is too general for the MEnD Defendants to evaluate the truth of the allegations and therefore Paragraph 29 is denied.

30. Deny the allegations in Paragraph 30.

31. Plaintiff fails to define "the relevant time" and therefore the MEnD Defendants are without sufficient information or knowledge to from a belief as to the allegations in Paragraph 31.

32. Deny the allegations in Paragraph 32.

33. Paragraph 33 calls for a legal conclusion and therefore no response is required.

34. Deny the allegations in Paragraph 34.

35. Deny the allegations in Paragraph 35.

36. Deny the allegations in Paragraph 36.

37. Deny the allegations in Paragraph 37.

38. Deny the allegations in Paragraph 38.

39. Deny the allegations in Paragraph 39.

40. Deny the allegations in Paragraph 40.

41.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 41 are denied to the extent they are inconsistent with Decedent's medical records.

42.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 42 are denied to the extent they are inconsistent with Decedent's medical records.

43.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 43 are denied to the extent they are inconsistent with Decedent's medical records.

44.    Are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 44.

45.    Are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 45.

46.    Are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 46.

47.    Are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 47.

48.    Are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 48.

49.    Are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 49.

50.     Are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 50.

51.     Are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 51.

52.     Are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 52.

53.     Are without sufficient knowledge or information to form a belief as the truth of the allegations in Paragraph 53.

54.     Decedent's answers to booking questions are as marked in her jail records. Deny Paragraph 54 to the extent it is inconsistent with Decedent's jail records.

55.     As phrased, deny the allegations in Paragraph 55.

56.     As phrased, deny the allegations in Paragraph 56.

57.     As phrased, deny the allegations in Paragraph 57.

58.     As phrased, deny the allegations in Paragraph 58.

59.     The generality of Paragraph 59 makes response impossible. The allegations in Paragraph 59 are therefore denied.

60.     As phrased, deny the allegations in Paragraph 60.

61.     Deny the allegations in Paragraph 61.

62.     Deny the allegations in Paragraph 62.

63.     Deny the allegations in Paragraph 63.

64.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 64.

65.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 65.

66.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 66.

67.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 67.

68.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 68.

69.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 69.

70.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 70.

71.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 71 are denied to the extent they are inconsistent with Decedent's medical records.

72.    The document referenced in Paragraph 72 speaks for itself. The allegations in Paragraph 72 are denied to the extent they are inconsistent with that document.

73.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 73.

74.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 74, but to the extent this Paragraph references a document, the document speaks for itself.

75.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 75, but to the extent this Paragraph references a document, the document speaks for itself.

76.     The document referenced in Paragraph 76 speaks for itself. The allegations in Paragraph 76 are denied to the extent they are inconsistent with that document.

77.     The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 77 are denied to the extent they are inconsistent with Decedent's medical records.

78.     The document referenced in Paragraph 78 speaks for itself. The allegations in Paragraph 78 are denied to the extent they are inconsistent with that document.

79.     Plaintiff fails to define the phrase "widely known," which renders responding difficult. The extent the allegations in Paragraph 79 are understood, the MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 79.

80.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 80.

81.     The document referenced in Paragraph 81 speaks for itself. The allegations in Paragraph 81 are denied to the extent they are inconsistent with that document.

82.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 82.

83.     The document referenced in Paragraph 83 speaks for itself. The allegations in Paragraph 83 are denied to the extent they are inconsistent with that document.

84.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 84.

85.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 85.

86.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 86.

87.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 87.

88.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 88.

89.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 89.

90.     Admit "general watches" and "special watches" are not synonymous. Otherwise, Paragraph 90 is a legal conclusion. The allegations in Paragraph 90 are denied to the extent they are inconsistent with Minnesota Rules, Part 2911.5000.

91.     The document referenced in Paragraph 91 speaks for itself. The allegations in Paragraph 91 are denied to the extent they are inconsistent with that document.

92.     The document referenced in Paragraph 92 speaks for itself. The allegations in Paragraph 92 are denied to the extent they are inconsistent with that document.

93.     The document referenced in Paragraph 93 speaks for itself. The allegations in Paragraph 93 are denied to the extent they are inconsistent with that document.

94.    The document referenced in Paragraph 94 speaks for itself. The allegations in Paragraph 94 are denied to the extent they are inconsistent with that document.

95.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 95 are denied to the extent they are inconsistent with Decedent's medical records.

96.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 96 are denied to the extent they are inconsistent with Decedent's medical records.

97.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 97 are denied to the extent they are inconsistent with Decedent's medical records.

98.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 98 are denied to the extent they are inconsistent with Decedent's medical records.

99.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 90 are denied to the extent they are inconsistent with Decedent's medical records.

100.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 100 are denied to the extent they are inconsistent with Decedent's medical records.

101.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 101 are denied to the extent they are inconsistent with Decedent's medical records.

102.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 102 are denied to the extent they are inconsistent with Decedent's medical records.

103.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 103 are denied to the extent they are inconsistent with Decedent's medical records.

104.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 104 are denied to the extent they are inconsistent with Decedent's medical records.

105.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 105 are denied to the extent they are inconsistent with Decedent's medical records.

106.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 106 are denied to the extent they are inconsistent with Decedent's medical records.

107.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 107 are denied to the extent they are inconsistent with Decedent's medical records.

108.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 108 are denied to the extent they are inconsistent with Decedent's medical records.

109.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 109 are denied to the extent they are inconsistent with Decedent's medical records.

110.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 110 are denied to the extent they are inconsistent with Decedent's medical records.

111.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 111 are denied to the extent they are inconsistent with Decedent's medical records.

112.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 112 are denied to the extent they are inconsistent with Decedent's medical records.

113.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 113 are denied to the extent they are inconsistent with Decedent's medical records.

114.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 114 are denied to the extent they are inconsistent with Decedent's medical records.

115.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 115 are denied to the extent they are inconsistent with Decedent's medical records.

116.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 116 are denied to the extent they are inconsistent with Decedent's medical records.

117.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 117 are denied to the extent they are inconsistent with Decedent's medical records.

118.    The term "validated" in Plaintiff's Complaint is too vague to allow meaningful response.  Answering further, the medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 118 are denied to the extent they are inconsistent with Decedent's medical records.

119.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 119 are denied to the extent they are inconsistent with Decedent's medical records.

120.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 120 are denied to the extent they are inconsistent with Decedent's medical records.

121.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 121 are denied to the extent they are inconsistent with Decedent's medical records.

122.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 122 are denied to the extent they are inconsistent with Decedent's medical records.

123.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 123 are denied to the extent they are inconsistent with Decedent's medical records.

124.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 124 are denied to the extent they are inconsistent with Decedent's medical records.

125.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 125 are denied to the extent they are inconsistent with Decedent's medical records.

126.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 126 are denied to the extent they are inconsistent with Decedent's medical records.

127.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 127 are denied to the extent they are inconsistent with Decedent's medical records.

128.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 128 are denied to the extent they are inconsistent with Decedent's medical records.

129.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 129 are denied to the extent they are inconsistent with Decedent's medical records.

130.    Deny the allegations in Paragraph 130.

131.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 131 are denied to the extent they are inconsistent with Decedent's medical records.

132.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 132 are denied to the extent they are inconsistent with Decedent's medical records.

133.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 133 are denied to the extent they are inconsistent with Decedent's medical records.

134.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 134 are denied to the extent they are inconsistent with Decedent's medical records.

135.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 135 are denied to the extent they are inconsistent with Decedent's medical records.

136.    Deny the allegations in Paragraph 136.

137.    Deny the allegations in Paragraph 137.

138.    The document referenced in Paragraph 138 speaks for itself. The allegations in Paragraph 138 are denied to the extent they are inconsistent with that document.

139.    The document referenced in Paragraph 139 speaks for itself. The allegations in Paragraph 139 are denied to the extent they are inconsistent with that document.

140.    The document referenced in Paragraph 140 speaks for itself. The allegations in Paragraph 140 are denied to the extent they are inconsistent with that document.

141.    The document referenced in Paragraph 141 speaks for itself. The allegations in Paragraph 141 are denied to the extent they are inconsistent with that document.

142.    The document referenced in Paragraph 142 speaks for itself. The allegations in Paragraph 142 are denied to the extent they are inconsistent with that document.

143.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 143.

144.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 144.

145.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 145 are denied to the extent they are inconsistent with Decedent's medical records.

146.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 146.

147.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 147 are denied to the extent they are inconsistent with Decedent's medical records.

148.    The video surveillance references in Paragraph 148 speaks for itself. The allegations in Paragraph 148 are denied to the extent they are inconsistent with that video.

149.    The video surveillance references in Paragraph 149 speaks for itself. The allegations in Paragraph 149 are denied to the extent they are inconsistent with that video.

150.    The video surveillance references in Paragraph 150 speaks for itself. The allegations in Paragraph 150 are denied to the extent they are inconsistent with that video.

151.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 151.

152.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 152.

153.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 153.

154.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 154.

155.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 155.

156.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 156.

157.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 157.

158.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 158.

159.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 159.

160.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 160.

161.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 161.

162.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 162.

163.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 163.

164.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 164.

165.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 165.

166.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 166.

167.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 167.

168.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 168.

169.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 169.

170.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 170 are denied to the extent they are inconsistent with Decedent's medical records.

171.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 171 are denied to the extent they are inconsistent with Decedent's medical records.

172.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 172 are denied to the extent they are inconsistent with Decedent's medical records.

173.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 173 are denied to the extent they are inconsistent with Decedent's medical records.

174.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 174 are denied to the extent they are inconsistent with Decedent's medical records.

175.    Deny the allegations in Paragraph 175.

176.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 176 are denied to the extent they are inconsistent with Decedent's medical records.

177.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 177 are denied to the extent they are inconsistent with Decedent's medical records.

178.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 178 are denied to the extent they are inconsistent with Decedent's medical records.

179.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 179 are denied to the extent they are inconsistent with Decedent's medical records.

180.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 180 are denied to the extent they are inconsistent with Decedent's medical records.

181.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 181 are denied to the extent they are inconsistent with Decedent's medical records.

182.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 182 are denied to the extent they are inconsistent with Decedent's medical records.

183.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 183 are denied to the extent they are inconsistent with Decedent's medical records.

184.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 184 are denied to the extent they are inconsistent with Decedent's medical records.

185.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 185 are denied to the extent they are inconsistent with Decedent's medical records.

186.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 186.

187.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 187.

188.    Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 188.

189.    Deny the allegations in Paragraph 189.

190.    Deny the allegations in Paragraph 190.

191.    Paragraph 191 appears to refer to a document, which speaks for itself. The allegations in Paragraph 191 are denied to the extent they are inconsistent with that document. To the extent the allegations in Paragraph 191 are not repeating a document, the allegations are denied

192.    Paragraph 192 refers to a document, which speaks for itself. The allegations in Paragraph 192 are denied to the extent they are inconsistent with that document.

193.    The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 193 are denied to the extent they are inconsistent with Decedent's medical records.

194.     Paragraph 194 is vague, specifically the term "therefrom," and therefore the MEnD Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 194.

195.     The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 195 are denied to the extent they are inconsistent with Decedent's medical records.

196.     Deny the allegations in Paragraph 196.

197.     Deny the allegations in Paragraph 197.

198.     Are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 198.

199.     Deny the allegations in Paragraph 199.

200.     The medical care provided to Decedent is as found in Decedent's medical records, which speak for themselves. The allegations in Paragraph 200 are denied to the extent they are inconsistent with Decedent's medical records.

201.     Deny the allegations in Paragraph 201.

202.     The video surveillance references in Paragraph 202 speaks for itself. The allegations in Paragraph 202 are denied to the extent they are inconsistent with that video.

203.     Deny the allegations in Paragraph 203.

204.     Deny the allegations in Paragraph 204.

205.     Deny the allegations in Paragraph 205.

206.     Deny the allegations in Paragraph 206.

207.     Deny the allegations in Paragraph 207.

## COUNT ONE
### 42 U.S.C. § 1983 – Defendants Fitzgerald, Davis, and Dreher

208.     Paragraph 208 contains no new allegation.

209.     Paragraph 209 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

210.     Paragraph 210 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

211.     Paragraph 211 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

212.     Paragraph 212 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

213.     Paragraph 213 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

214.     Paragraph 214 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

215.     Paragraph 215 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

216.     Paragraph 216 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

## COUNT TWO
### 42 U.S.C. § 1983 – Defendants Pedersen and Keilwitz

217.     Paragraph 217 contains no new allegations.

218.     As to Paragraph 218, admit severe mental illness, suicidal ideations, or drug withdrawal can be serious medical needs but deny such conditions are necessarily and always serious medical needs.

219.     Admit the Constitutional imposes a duty on correctional medical providers to provide constitutionally adequate care to inmates. Deny all other allegations in Paragraph 219.

220.     Deny the allegations in Paragraph 220.

221.     Deny the allegations in Paragraph 221.

222.     Deny the allegations in Paragraph 222.

223.    Deny the allegations in Paragraph 223.

224.    Paragraph 224 calls for a legal conclusion and therefore requires no response.

225.    Deny the allegations in Paragraph 225.

## COUNT THREE
### 42 U.S.C. § 1983 – Defendant Dr. Leonard

226.    Paragraph 226 contains no new allegations.

227.    As to Paragraph 227, admit severe mental illness, suicidal ideations, or drug withdrawal can be serious medical needs but deny such conditions are necessarily and always serious medical needs.

228.    Admit the Constitutional imposes a duty on correctional medical providers to provide constitutionally adequate care to inmates. Deny all other allegations in Paragraph 228.

229.    Deny the allegations in Paragraph 229.

230.    Deny the allegations in Paragraph 230.

231.    Deny the allegations in Paragraph 231.

232.    Deny the allegations in Paragraph 232.

233.    Paragraph 233 calls for a legal conclusion and therefore requires no response.

234.    Deny the allegations in Paragraph 234.

235.    Deny the allegations in Paragraph 235.

## COUNT FOUR
### Supervisory Liability – Defendant Dr. Leonard

236.    Paragraph 236 contains no new allegations.

237.    As to Paragraph 237, admit severe mental illness, suicidal ideations, or drug withdrawal can be serious medical needs but deny such conditions are necessarily and always serious medical needs.

238.    Admit the Constitutional imposes a duty on correctional medical providers to provide constitutionally adequate care to inmates. Deny all other allegations in Paragraph 238.

239.    Deny the allegations in Paragraph 239.

240.    Deny the allegations in Paragraph 240.

241.    Deny the allegations in Paragraph 241.

242.    Deny the allegations in Paragraph 242.

243.    Deny the allegations in Paragraph 243.

244.    Deny the allegations in Paragraph 244.

## COUNT FIVE
### *Monell* Liability – Defendant MEnD Correctional Care, PLLC

245.    Paragraph 245 contains no new allegations.

246.    Deny the allegations in Paragraph 246.

247.    Deny the allegations in Paragraph 247.

248.    Deny the allegations in Paragraph 248.

249.    Deny the allegations in Paragraph 249.

250.    Deny the allegations in Paragraph 250.

251.    Deny the allegations in Paragraph 251.

## COUNT SIX
### *Monell* Liability – Defendants Hodapp and Beltrami County

252.    Paragraph 252 contains no new allegations.

253.    Paragraph 253 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

254.    Paragraph 254 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

255.    Paragraph 255 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

256.    Paragraph 256 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

257.    Paragraph 257 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

258.    Paragraph 258 appears directed at Defendants other than the MEnD Defendants and is irrelevant to the claims against the MEnD Defendants. Therefore no

response is required. To the extent the MEnD Defendants are required to respond, the allegations are denied.

## PRAYER FOR RELIEF

Deny Plaintiff is entitled to the relief sought in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, and 9 of the "Prayer for Relief."

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, the MEnD Defendants affirmatively allege the following defenses:

1.      Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

2.      The MEnD Defendants possessed and used a constitutionally sufficient degree of skill and care with regard to Decedent.

3.      Any action or inaction by the MEnD Defendants was not a direct or proximate cause of injury to Plaintiff or Decedent.

4.      Plaintiff's claimed damages, if any, are the result of intervening or superseding events or acts of others and were not proximately caused by action or inaction of the MEnD Defendants.

5.      Plaintiff's damages, if any, were caused or contributed to by others over whom the MEnD Defendants had no control or right to control.

## DEFENSES RESERVED

The MEnD Defendants give notice that they may rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and reserve

the right to amend the Answer to assert such defenses. The MEnD Defendants also reserve the right to assert any other defenses that may become available during the trial of this matter and reserve the right to assert such defenses at that juncture.


Dated:  July 21, 2020                    */s/ Anthony J. Novak*
                                         Anthony J. Novak (#0351106)
                                         Carolin J. Nearing (#0291791)
                                         Bradley Prowant (#0396079)
                                         LARSON • KING, LLP
                                         30 East Seventh Street, Ste. 2800
                                         Saint Paul, MN  55101
                                         (651) 312-6500 | Fax: (651) 312-6618
                                         tnovak@larsonking.com
                                         cnearing@larsonking.com
                                         bprowant@larsonking.com

                                         **Attorneys for the MEnD Defendants**