# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Carol Bunker, as Trustee for the next-of-kin of Stephanie Rose Bunker, | Case No. 20-cv-01456 SRN/LIB |
| Plaintiff, | |
| v. | |
| Barb Fitzgerald, acting in her individual capacity as a Beltrami County correctional officer; Jared Davis, acting in his individual capacity as a Beltrami County correctional officer; Katherine Dreher, acting in her individual capacity as a Beltrami County correctional officer; Crystal Pedersen, acting in her individual capacity as medical staff in the Beltrami County Jail; Geoffrey Keilwitz, acting in his individual capacity as medical staff in the Beltrami County Jail; Todd Leonard, MD, acting in his individual and official capacity as the Medical Director and Jail Physician at the Beltrami County Jail and sole owner of MEnD Correctional Care, PLLC; MEnD Correctional Care, PLLC; Phil Hodapp, in his official capacity as Beltrami County Sheriff; and Beltrami County, | |
| Defendants. | |

## BELTRAMI COUNTY DEFENDANTS' ANSWER TO COMPLAINT

COME NOW Defendants Barb Fitzgerald, Jared Davis, Katherine Dreher, Phil Hodapp and Beltrami County, for their Answer to Plaintiff's Complaint, state and allege as follows:

1.	Unless hereafter admitted, qualified or otherwise answered, these answering parties deny each and every thing, matter and particular alleged in Plaintiff's Complaint.

2.	These answering parties specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §§ 1983 or 1988 and, further, deny Stephanie Bunker ("Bunker") sustained any deprivation of rights under the Eighth or Fourteenth Amendments or any other state or federal statutory or constitutional injuries as alleged in Plaintiff's Complaint.

3.	These answering parties affirmatively allege at all times material hereto, they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, and proper.

4.	These answering parties admit they were at all times material hereto, acting in their official capacities as Beltrami County employees.

5.	These answering parties affirmatively allege Plaintiff's actions asserted against them are official capacity actions only.

6.	These answering parties affirmatively allege Plaintiff's Complaint fails to state a cause of action for claims upon which relief can be granted.

7.	These answering parties affirmatively allege Plaintiff's claims are barred by the legal doctrines of qualified, statutory and official immunity.

8. These answering parties specifically deny they were deliberately indifferent to Bunker and deny violating her Eighth or Fourteenth Amendment Rights or any other federal civil rights.

9. With respect to paragraphs 1 to 2, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

10. With respect to paragraphs 3 to 4, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

11. With respect to paragraph 5, these answering parties admit these allegations.

12. With respect to paragraphs 6 to 7, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

13. With respect to paragraphs 8 to 10, these answering parties admit these allegations.

14. With respect to paragraphs 11 to 19, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

15. With respect to paragraph 20, these answering parties admit Beltrami County contracted with MEnD to provide health-care services but submit the remaining allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

16. With respect to paragraph 21, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

17. With respect to paragraphs 22 to 23, these answering parties admit these allegations.

18. With respect to paragraphs 24 to 43, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

19. With respect to paragraphs 44 to 50, these answering parties admit these allegations.

20. With respect to paragraph 51, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

21. With respect to paragraphs 52 to 54, these answering parties admit these allegations.

22. With respect to paragraphs 55 to 63, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

23. With respect to paragraphs 64 to 68, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

24. With respect to paragraphs 69 to 76, these answering parties admit these allegations.

25. With respect to paragraph 77, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

26. With respect to paragraphs 78 to 86, these answering parties admit these allegations.

27. With respect to paragraph 87, these answering parties admit Bunker refused to change because she denied being suicidal.

28. With respect to paragraphs 88 to 89, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

29. With respect to paragraph 90, these answering parties admit these allegations.

30. With respect to paragraphs 91 to 93, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

31. With respect to paragraphs 94 to 137, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

32. With respect to paragraphs 138 to 141, these answering parties admit these allegations.

33. With respect to paragraph 142, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

34. With respect to paragraph 143, these answering parties admit these allegations.

35. With respect to paragraph 144, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

36. With respect to paragraph 145, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

37. With respect to paragraphs 146 to 147, these answering parties admit these allegations.

38. With respect to paragraphs 148 to 163, and all other allegations in the Complaint based upon jail videos, these answering parties admit to the accuracy of the contents of the videos and submit the videos speak for themselves, and specifically deny all allegations not supported by clear video evidence and put Plaintiff to her strict burden of proof.

39. With respect to paragraphs 148 to 150, these answering parties admit these allegations.

40. With respect to paragraph 151, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

41. With respect to paragraph 152, these answering parties admit these allegations.

42. With respect to paragraph 153, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

43. With respect to paragraphs 154 to 165, these answering parties admit these allegations.

44. With respect to paragraphs 166 to 169, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

45. With respect to paragraphs 170 to 185, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

46. With respect to paragraphs 186 to 188, these answering parties admit these allegations.

47. With respect to paragraph 189, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

48. With respect to paragraph 190, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

49. With respect to paragraphs 191 to 192, these answering parties admit these allegations.

50. With respect to paragraph 193, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

51. With respect to paragraph 194, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

52. With respect to paragraph 195, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

53. With respect to paragraphs 196 to 199, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

54. With respect to paragraph 200, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by

Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

55. With respect to paragraphs 201 to 207, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

56. These answering parties deny the allegations in Count One of the Complaint (paragraphs 208 to 216) and specifically deny violating Bunker's Eighth and Fourteenth Amendment rights, specifically deny Bunker exhibited serious or life-threatening medical needs or a serious risk of suicide, specifically deny acting with deliberate indifference, and submit the allegations regarding Bunker's medical needs are unrelated to these answering parties.

57. With respect to Counts Two, Three, Four, and Five of the Complaint (paragraphs 217 to 251), these answering parties submit these claims and allegations are unrelated to them and no answer is required.

58. These answering parties deny the allegations in Count Six of the Complaint (paragraphs 252 to 258) and specifically deny deliberate indifference to the rights of inmates through any custom, pattern or practice; and specifically deny deliberate indifference can be or is supported by the contractual relationship with the MEnD Defendants.

59. These answering parties are without sufficient knowledge to form a belief as to the truth of Plaintiff's alleged damages and Prayer for Relief and, therefore, deny the same and demand strict proof thereof.

60. These answering parties deny punitive damages are actionable or available for this incident.

61. These answering parties admit generally federal questions should be resolved in federal court; however, the incident involving Bunker did not rise to the level of a constitutional deprivation and, therefore, these answering parties deny jurisdiction of this Court.

62. These answering parties join in Plaintiff's request for a jury trial.

**WHEREFORE,** these answering parties pray Plaintiff takes nothing by this claim for relief herein; that these answering parties be given judgment against Plaintiff, dismissing Plaintiff's cause of action with prejudice; that these answering parties be given judgment for costs, disbursements and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

|  |  |
|---|---|
|  | IVERSON REUVERS CONDON |
| Dated: August 10, 2020 | By s/ Jason M. Hiveley<br>   Jason M. Hiveley, #311546<br>   Stephanie A. Angolkar, #388336<br>9321 Ensign Avenue South<br>Bloomington, MN  55438<br>(952) 548-7200<br>jasonh@irc-law.com<br>stephanie@irc-law.com<br><br>*Attorneys for Defendants Barb Fitzgerald, Jared Davis, Katherine Dreher, Phil Hodapp and Beltrami County* |