UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carol Bunker, as Trustee for the next-of-kin of Stephanie Rose Bunker,<br><br>          Plaintiff,<br><br>vs.<br><br>Barb Fitzgerald, et al.,<br><br>          Defendant. | Case No.: 20-cv-01456 (SRN/LIB)<br><br>**STATEMENT OF THE CASE FOR THE MEND DEFENDANTS** |

Pursuant to this Court's Pretrial Scheduling Notice and Order (ECF no. 10), Defendants Dr. Todd Leonard, Crystal Pederson, Geoffrey Keilwitz, and MEnD Correctional Care, PLLC (collectively "the MEnD Defendants") submit this Statement of the Case.

### I.  Facts of the Case

The MEnD Defendants are still evaluating the nature of Plaintiff's claim. This statement is based upon what its currently known to the MEnD Defendants.

The MEnD Defendants anticipated the records will demonstrate Ms. Bunker's was brought to the Beltrami County Jail in the late-night hours of June 25, 2017. She was believed to be under the influence of alcohol, illegal drugs, or both and accordingly acted erratically. The MEnD Defendants believe correctional officers took precautions to protect Ms. Bunker such as placing her in a cell for close observation and conducting welfare checks every 15-minute. Defendants Pedersen and Keilwitz both worked as MEnD nurses at Beltrami County Jail during Ms. Bunker's incarceration.

The MEnD Defendants anticipate the records will demonstrate the MEnD Defendants conducted a suicide risk screen of Ms. Bunker that resulted in an above average score because of past suicide attempts and mental health issues. While Ms. Bunker was not actively suicidal, the MEnD Defendants reiterated that Ms. Bunker should remain on 15-minute watch and in full precautions until she could be seen by a mental health provider. The MEnD Defendants also monitored Ms. Bunker for chemical withdrawal because she was booked into the jail while under the influence. Ms. Bunker expressed a desire to overcome her addiction. Chemical withdrawal often results in physical disruptions. The MEnD Defendants checked on Ms. Bunker daily, monitored Ms. Bunker's vitals, and placed her on hydroxyzine. Ms. Bunker remained on 15-minute watch as she went through withdrawal. After her initial booking, Ms. Bunker was calm, albeit while withdrawing, and affirmed she was not suicidal.

On July 1, 2017, while still going through withdrawal, Ms. Bunker attempted suicide, which ultimately resulted in her death on July 11, 2017.

## II.     Particularized Facts

To prevail on a deprivation of medical care claim, an inmate must prove that the defendant acted with deliberate existence either to an existing serious medical need or to conditions posing a substantial risk of serious future harm. *Weaver v. Clark*, 45 F. 3d 1253, 1255 (8th Cir. 1995). The "deliberate indifference to a serious medical need must rise to the level of an unnecessary and wanton infliction of pain." *Jorden v. Farrier*, 788 F.2d 1347, 1348 (8th Cir. 1986). The MEnD Defendants anticipate the records will demonstrate they used reasonable and appropriate clinical judgment, relying on their training,

experience, and expertise, in addition to reasonably relying upon the statements of Ms. Bunker and jail staff, to appropriately evaluate and treat Ms. Bunker. Beyond treating Ms. Bunker daily for severe chemical withdrawal, there was nothing about Ms. Bunker's condition at the time of her June 2017 incarceration that necessitated other advanced interventions. There was nothing the MEnD Defendants failed to do, or should have done, that would have prevented Ms. Bunker's death.

"[A] supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). Dr. Leonard appropriately consulted with Defendants Pederson and Keilwitz regarding Ms. Bunker's care. Plaintiff's allegations do not point to a particular act by Dr. Leonard that could be construed as participating in a constitutional deprivation of Ms. Bunker. Further, Ms. Pederson and Mr. Keilwitz were appropriately trained and provided appropriate medical care.

*Monell* liability will only stand: (1) where a particular municipal policy or custom itself violates federal law or directs an employee to do so; or (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Moyle v. Anderson*, 571 F.3d 814, 817–18 (8th Cir. 2009). Plaintiff cannot demonstrate a particular custom of MEnD Correctional Care, PLLC that violates federal law or a policy that was adopted with deliberate indifference.

### III.   Damages

The MEnD Defendants are not claiming any damages.

Date: October 19, 2020

By */s/ Anthony J. Novak*
Anthony J. Novak (0351106)
Carolin Nearing (0291791)
Bradley Prowant (0396079)
LARSON · KING, LLP
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN  55101
Tel:  (651) 312-6500
Fax:  (651) 312-6618

**Attorneys for Defendants Dr. Todd Leonard, Crystal Pederson, Geoffrey Keilwitz, and MEnD Correctional Care, PLLC**