# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Carol Bunker, as Trustee for the next-of-kin of Stephanie Rose Bunker,

Plaintiff,

v.

Barb Fitzgerald, *et al.*,

Defendants.

Case No. 20-cv-01456 (SRN/LIB)

**STIPULATION FOR PROTECTIVE ORDER**

## STIPULATION FOR PROTECTIVE ORDER

The parties stipulate that the court may enter the following protective order:

1. **Definitions.**  As used in this protective order:

    a. "attorney" means an attorney who has appeared in this action;

    b. "confidential document" means a document designated as confidential under this protective order;

    c. to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    d. "document" means information disclosed or produced in discovery, including at a deposition;

    e. "notice" or "notify" means written notice;

91033635.1

    f. "party" means a party to this action;

    g. "protected document" means a document protected by a privilege or the work-product doctrine; and

    h. "protected health information" (PHI) is individually identifiable health information as defined in 45 CFR § 160.103.

2. **Designating a Document or Deposition as Confidential.**

    a. A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information or PHI.

    b. A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

    c. Deposition testimony may be designated as confidential:

        i. on the record at the deposition; or

        ii. after the deposition, by promptly notifying the parties and those who were present at the deposition.

    d. If a witness is expected to testify as to confidential or proprietary information or PHI, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. **Who May Receive a Confidential Document.**

    a. A confidential document may be used only in this action.

    b. No person receiving a confidential document may reveal it, except to:

      i. the court and its staff;

     ii. an attorney or an attorney's partner, associate, or staff;

    iii. a person shown on the face of the confidential document to have authored or received it;

    iv. a witness testifying in a deposition or at trial in this action;

     v. a court reporter or videographer retained in connection with this action;

    vi. any person who:

        1. is retained to assist a party or attorney with this action; and

        2. signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned [case caption and number] in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
> I declare under penalty of perjury that the foregoing is true and correct.

  c. If a confidential document or PHI is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

3

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. **Use of Protected Health Information of Other Inmates or a Confidential Document in Court.**

    a.  Filing.  This protective order does not authorize the filing of any document under seal.  PHI of other inmates or a confidential document may be filed only in accordance with LR 5.6.

    b.  Presentation at a hearing or trial.  A party intending to present PHI of other inmates, or another party's or a non-party's confidential document at a hearing or trial, must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Document's Designation.**

    a.  Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    b.  Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a

       document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling Protected Documents after Termination of Litigation.**

   a. Within 60 days after the termination of this action (including any appeals), each party must:

      i. return or destroy all PHI of other inmates and confidential documents; and

      ii. notify the disclosing or producing party that it has returned or destroyed all PHI of other inmates and confidential documents within the 60-day period.

   b. Notwithstanding paragraph 8(a), each attorney may retain a copy of any PHI of other inmates and/or confidential documents submitted to the court, as well as correspondence that quotes or discloses PHI of other inmates and/or confidential documents.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

   a. Notice.

      i. A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

5

    ii. A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

  b. Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **Security Precautions and Data Breaches.**

  a. Each party must make reasonable efforts to protect the confidentiality of any PHI or confidential document disclosed or produced to that party.

  b. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

Stipulated to:

Dated:  November 2, 2020            **ROBINS KAPLAN, LLP**

                                                 By: s/Marc E. Betinsky
                                                 Robert Bennett, #6713
                                                 Andrew J. Noel, #322118
                                                 Kathryn H. Bennett, #0392087
                                                 Marc E. Betinsky, #0388414
                                                 800 LaSalle Ave, Suite 2800
                                                 Minneapolis, MN 55402
                                                 Telephone:  612-349-8500
                                                 rbennett@robinskaplan.com
                                                 anoel@robinskaplan.com
                                                 kbennett@robinskaplan.com

        mbetinsky@robinskaplan.com

*Attorneys for Plaintiff*

Dated:  November 2, 2020        **IVERSON REUVERS CONDON**

By: s/Stephanie A. Angolkar
Jason M. Hiveley, #311546
Stephanie A. Angolkar, #388336
Julia C. Kelly, #0392424
9321 Ensign Avenue South
Bloomington, MN  55438
(952) 548-7200
jasonh@irc-law.com
stephanie@irc-law.com
julia@irc-law.com

*Attorneys for Defendants Barb Fitzgerald, Jared Davis, Katherine Dreher, Phil Hodapp and Beltrami County*

Dated:  November 2, 2020        **LARSON KING**

By: s/Bradley R. Prowant
Tony Novak, #0351106
Caroline J. Nearing, #0291791
Bradley R. Prowant, #0396079
2800 Wells Fargo Place
30 E Seventh Street
St. Paul, MN  55101
Telephone: 651-312-6500

*Attorneys for the MEnD Defendants*

7

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____ . My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 20-cv-01456, pending in United States District Court of Minnesota.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

I acknowledge the obligations imposed by the Protective Order shall survive the termination of this action.

8

91033635.1

I submit myself to the jurisdiction of United States District Court of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____     _____
                    (Date)                                              (Signature)

91033635.1