UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carol Bunker, as Trustee for the next-of-kin of Stephanie Rose Bunker,<br><br>Plaintiff,<br><br>vs.<br><br>Barb Fitzgerald; *et al.*,<br><br>Defendants. | Case No. 20-cv-1456 (SRN/LIB)<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

Plaintiff Carol Bunker, as Trustee for the next-of-kin of Stephanie Rose Bunker, and third parties Minnesota Board of Medical Practice ("BMP") and Minnesota Board of Nursing ("MBN") (collectively, "the Boards") hereby agree and stipulate as follows:

1. **WHEREAS**, on March 11, 2021, Plaintiff served a subpoena on the MBN seeking to recover various documents, records, and data related to the present litigation. MBN is a third party and is represented in these proceedings by Hans A. Anderson, Assistant Minnesota Attorney General. On March 11, 2021, MBN's counsel contacted Plaintiff's counsel in response to the subpoena and asserted various objections to the requests specified in the subpoena. Having asserted its objections, the MBN produced only public responsive documents, records, or data.

2. **WHEREAS,** on March 11, 2021, Plaintiff served a subpoena on BMP seeking to recover various documents, records, and data related to the present litigation. BMP is a third party and is represented in these proceedings by Keriann. L. Riehle, Assistant Minnesota Attorney General. By correspondence dated March 26, 2021, the BMP responded to the subpoena and asserted various objections to the requests specified in the subpoena. Having

91437119.1

asserted its objections, BMP produced only public responsive documents, records, and data.

3. **WHEREAS,** Plaintiff has met and conferred with the Boards as required under the Local Rules prior to pursuing a motion to compel compliance with Plaintiff's subpoenas.

4. **WHEREAS,** after several rounds of discussions, Plaintiff and the Boards agreed to the following resolution that they believe may resolve this discovery dispute:

    a. Plaintiff and the Boards will seek a protective order that will provide sufficient protections for any documents, records, or data that may be produced by the Boards in response to Plaintiff's subpoenas as required under the Minnesota Government Data Practices Act;

    b. Upon issuance of the protective order, the Boards will substantively respond to Plaintiff's subpoenas and will produce the requested documents, records, and data, with the exception of documents protected by the attorney-work-product doctrine, attorney-client privilege, or any other privilege, which will not be produced;

5. **WHEREAS,** Plaintiff and the Boards stipulate and request that the Court enter a protective order after making the following considerations:

    a. Pursuant to Minnesota Statutes sections 13.03, subdivision 6, 13.41, 14.51, and 14.60, subdivision 2, the Boards cannot release not public, private, or confidential data absent a protective order or court order.

    b. Plaintiff has a need for certain data of which Plaintiff is the subject of the data, or a party to the above-entitled proceeding is the subject of the data.

    c. The Boards contend that some such data are classified as not public, and the Boards have an interest in maintaining any not public classification of the data.

91437119.1

      d.    Should the Court determine that the benefit to Plaintiff outweighs any harm to the confidentiality interests of the Boards or of any person who has provided data, or who is the subject of the data, or to the privacy interest of an individual identified in the data, the parties request that the Court issue a protective order containing the stipulated terms described below.

6. **WHEREAS**, Plaintiff and the Boards stipulate and request that the Court enter the following protective order:

IT IS HEREBY ORDERED:

1. In all pleadings, the parties shall redact patient, complainant, and individual identities or refer to such individuals by number or initials only. The parties do not need to redact the identities of themselves or other parties to this lawsuit. "Pleadings" include but are not limited to motions and responses to motions.

2. Subject to the restrictions set forth below, the Boards shall produce the documents and information requested by Plaintiff notwithstanding the fact that such documents and information contain data classified as not public pursuant to Minnesota Statutes section 13.41, so long as Plaintiff, including the trustee and the decedent, is the subject of the data or a party to the above-entitled proceeding is the subject of the data:

      a.    Except as may be required by law or district court order, all not public documents and information relating to this matter shall be used solely in connection with the above-entitled proceeding and shall not be disclosed by either party outside this proceeding. When such data are disclosed in the course of this proceeding, the parties shall refer to individuals (not including themselves or other parties to this lawsuit) by number or initials.

      b.      Not public data shall not be disclosed by any of the parties to this lawsuit during the course of trial preparation except to the following persons:

      1)      The parties, the parties' counsel, and such employees of the parties' counsel who assist in the above-captioned proceeding, all of whom are bound by the terms of this Protective Order;

      2)      Independent experts or consultants, working with the parties or their counsel, who agree to be bound by the terms of this Protective Order;

      3)      Other persons, including witnesses and deponents, as necessary to adequately conduct this litigation, provided that such persons agree in writing or on the record to be bound by the terms of this Protective Order and not disclose any not public data outside this proceeding.

      c.      Plaintiff's counsel shall maintain in his or her possession any and all copies of the documents and information produced pursuant to this Protective Order and shall return all such copies to the Boards' counsel or, if the parties agree, destroy such copies at the close of this proceeding.

      d.      Paragraph 2 of the Protective Order covers pretrial preparation and submissions to the Court but does not cover evidence to be offered at the hearing which will be subject to the rulings of the Court pursuant to applicable rules of evidence.

      3.      This Order only governs data in which Plaintiff, including the trustee and the decedent, is a subject of the data or a party to the above-entitled proceeding is a subject of the data. This Order does not require the Boards to produce not public data regarding other subjects or protected materials (i.e., complainant data, investigations in which Plaintiff or a party to the above-entitled proceeding are not the subject, or other information to which Plaintiff is not entitled to

91437119.1

pursuant to the Minnesota Government Data Practices Act, work product, materials prepared in anticipation of litigation, or materials subject to the attorney-client privilege, the agency deliberative process privilege, the mental-process privilege or any other applicable privilege).

If the Boards object to producing information or documents on such grounds, Plaintiff may seek production of the information or documents through a motion before the Court pursuant to Federal Rule of Civil Procedure 45 and other applicable law.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 5, 2021 | ROBINS KAPLAN, LLP |
|  | s/Andrew J. Noel<br>ANDREW J. NOEL<br>Atty. Reg. No. 0322118 |
|  | 800 LaSalle Avenue, #2800<br>Minneapolis, MN 55402<br>(612) 349-0956 (Voice)<br>(612) 339-4181 (Fax)<br>anoel@robinskaplan.com |
|  | ATTORNEY FOR PLAINTIFF |
| Dated:  April 5, 2021 | KEITH ELLISON<br>Attorney General<br>State of Minnesota |
|  | s/Hans A. Anderson<br>HANS A. ANDERSON<br>Assistant Attorney General<br>Atty. Reg. No. 0390994 |
|  | 445 Minnesota Street, #1400<br>St. Paul, Minnesota 55101-2131<br>(651) 757-1278 (Voice)<br>(651) 297-2576 (Fax)<br>hans.anderson@ag.state.mn.us |

91437119.1

ATTORNEY FOR MINNESOTA BOARD OF NURSING

Dated: April 5, 2021

KEITH ELLISON
Attorney General
State of Minnesota

s/Keriann L. Riehle
KERIANN L. RIEHLE
Assistant Attorney General
Atty. Reg. No. 0398258

445 Minnesota Street, #1400
St. Paul, Minnesota 55101-2131
(651) 757-1449 (Voice)
(651) 297-2576 (Fax)
keriann.riehle@ag.state.mn.us

ATTORNEY FOR MINNESOTA BOARD OF MEDICAL PRACTICE

91437119.1